IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
Greenville Division

| | |
|---|---|
| **IKON OFFICE SOLUTIONS, INC.,** : | **CIVIL ACTION NO. 09-cv-00625-HFF** |
| : | |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **DONALD B. RHEA; KEVIN VINCENT; and THE** : | |
| **PRINT MACHINE, INC. AND THE PRINT MACHINE** : | |
| **OF COLUMBIA, INC., D/B/A TPM INC.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## CONSENT ORDER

WHEREFORE, the Court, upon consideration of the joint stipulation of the parties, being apprised of the parties' agreement to the terms of this Order, and being otherwise duly advised in the premises,

**IT IS HEREBY ORDERED AND DECREED THAT:**

a. A preliminary injunction order shall issue immediately and that, by agreement of the parties, no security shall be required in support thereof;

b. Until further Order of the Court, Defendant Donald Rhea ("Rhea") shall not, either directly or indirectly, whether acting alone or in concert with others (including with any officer, agent, employee, or representative of The Print Machine, Inc. or The Print Machine of Columbia, Inc. (collectively, "TPM") or any other employer with which Rhea may become employed), solicit, attempt to solicit or initiate contact with, accept business from, or engage in any business with any IKON customer: (i) who currently uses, leases, or possesses office equipment sold or leased to the customer by IKON or its financing affiliates (for example Canon Financial Services and IKON Financial Services); (ii) whose office equipment is currently being serviced by IKON; and/or (iii) who currently receives managed or other services from IKON, within or for (i) the State of South Carolina or (ii) the North Carolina counties supported by the Charlotte, Asheville, or Hickory offices of IKON;

c.  Until August 3, 2010, Defendant Rhea shall not, either directly or indirectly, and whether acting alone or in concert with others, including with any officer, agent, employee or representative of TPM, solicit or attempt to solicit, recruit, or hire any IKON employee. Moreover, for a period four (4) months from the date of the Court's entry of this Order, Defendant TPM shall not, either directly or indirectly, and whether acting alone or in concert with others, including with any officer, agent, employee or representative of TPM, solicit or attempt to solicit, recruit, or hire any IKON employee;

d.  Defendant Rhea shall not use or disclose for any business purpose, and TPM shall not knowingly allow or permit any such use or disclosure, in any manner or at any time, any information concerning IKON's customers, purchase prices, past transactions, projects, proposals, customer specifications, pricing schedules and/or discounts, quality control procedures or standards, customer preferences, customer identities, contact persons, and decision-makers, IKON marketing strategies, profitability analyses, costs, vendors, or other confidential business information learned, received or utilized by him during his employment with IKON or which he has received at any time from any current or former IKON employee, whether before or after the date of his termination of employment with IKON. Notwithstanding the foregoing, however, and provided that any such knowledge or information is not obtained as the result or consequence of any violation of the terms of this Order, Rhea and TPM are not prohibited from using or disclosing any information generally known to the public in substantially the same form or obtained by either of them by otherwise lawful means. This prohibition shall apply to Rhea both directly and indirectly, both individually and collectively, and whether he is or was acting alone or in concert with any one or more others persons, including any agent employee, officer or other representative of TPM, or any other employer or

company with which Rhea has been or may hereafter become employed, under contract with, interested or affiliated at any time;

      e.      Within 48 hours of entry of this Order, Rhea shall produce to IKON any records, documents, computer disks, portable USB devices, computer tapes, computer memory and recordings, computer software and programs, or original, transcribed, or reproduced information, in whatever form, that he has at any time in the past maintained at, received through, or removed from IKON or in connection with his servicing of any customer or prospective customer of IKON, and further including any and all such information created by him or by others at or on behalf of IKON, utilized by him or by others in the same or other form at IKON, retained at any time during or after his employment at IKON, or otherwise received, at any time or for any reason, from any current or former IKON customer or employee, that contains (i) any names, addresses, phone numbers, account information, contact persons, decision-makers, assistants, secretaries, support staff, purchasing, equipment, service, or project specifications, pricing information or schedules, discount terms, volume requirements, quality control standards, past orders, and any and all other information that relate in any way to the business done by IKON with any of IKON's customers (all of the foregoing being hereinafter referred to as "Company Documents"); or (ii) any information contained in the books and records of IKON, including, but not limited to, the identity of or information concerning IKON's customers, key personnel, marketing strategies, past transactions, past or current sales proposals, pricing schedules and strategies, price margins, profitability considerations, contract terms, project specifications or arrangements, discount policies, transaction records, future business practices, plans and/or customer relations.  Rhea shall not, directly or indirectly, retain any such records or information in any form.  Notwithstanding the foregoing, however, and provided that any such knowledge or

information is not obtained as the result or consequence of any violation of the terms of this Order, Rhea and TPM are not prohibited from using or disclosing any information generally known to the public in substantially the same form or otherwise obtained by either of them by lawful means. Upon returning such information to IKON's counsel, Rhea may indicate certain files he believes contain purely personal information. To the extent that counsel to IKON agrees, a copy of such files will be provided to Rhea;

    f.    The obligation to produce the Company Documents described in subparagraph f., as described above, shall extend to any and all such Company Documents which Rhea has in his possession, over which he has control, and/or to which he has access, including, but not limited to, the recovery and return of any and all such Company Documents provided by him at any time to TPM or any supplier or affiliate of TPM, or to any other third party or person (including any and all representatives, employees, officers or agents of TPM or any other business, company or entity), but shall not extend to the return of any Company Documents provided to him by a customer in the ordinary course of business subsequent to the time he became employed by TPM and not otherwise obtained by him in direct or indirect violation of this Order. TPM shall not knowingly permit Rhea, or any other TPM employee, or any other person under its control, to retain or use any Company Documents described in subparagraph e., and return any and all Company Documents to counsel for IKON (Shannon Hampton Sutherland, Esquire, c/o Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103) in the event it learns or discovers, at any time, that such Company Documents are on TPM's premises, are within its control, or that TPM has access to the same, either directly or through one or more of its employees;

    g.    In the event of any alleged violation of the prohibitions described in subparagraphs a, b., c., d., e., and/or f., above, IKON shall send a written notice of such violation

to counsel for the party or parties which is/are purportedly guilty of the violation (the "Violating Party"), and that the Violating Party shall have five (5) business days after receipt of such notice to remedy the violation. If IKON reasonably believes that the Violating Party(ies) has (have) failed to remedy the violation within five (5) business days of IKON having provided notice of the violation, IKON may then take legal action with respect to the violation; and

  h. Defendants Vincent, Rhea, and TPM, whether alone or in concert with others, including any officer, agent, employee, and/or representative of TPM shall not disseminate to any person or entity (including Customer "D.C." identified in IKON's Verified Complaint) any false, misleading, defamatory, disparaging, or libelous statements about IKON, its business, and its products and services. Notwithstanding the foregoing, Defendants Vincent, Rhea, and TPM, and anyone acting in concert or participation with said Defendants, including any agent, employee, officer or representative of TPM, may convey (1) to any customer or potential customer who specifically requests such information, (2) the full, complete, and exact information contained in Exhibit "A" hereto. Nothing in this Subparagraph i. shall be read to allow Defendants Vincent, Rhea, or TPM, or anyone acting in concert or participation with said Defendants, to convey solely excerpts of the information contained in Exhibit "A;"

  i. IKON, whether alone or in concert with others, including any officer, agent, employee, and/or representative of IKON, shall not disseminate to any person or entity any false, misleading, defamatory, disparaging, or other libelous statements about any alleged relationship between TPM and Document Technologies, Inc.;

  j. The parties may commence party and third-party discovery immediately. Discovery shall be completed within one-hundred and twenty (120) days from the Court's entry of this Order, unless otherwise modified by the Court for good cause shown;

  k. The parties shall each bear its/his/their own costs and attorneys' fees incurred through the date of this Order;

  l. By agreeing to the terms of this Order, the parties do not waive, and specifically reserve, all claims and defenses;

  m. Unless terminated sooner or extended by Order of the Court, this Consent Order will expire on August 3, 2010.

  **IT IS SO ORDERED**.

  This 3rd day of April, 2009.

           <u>s/Henry F. Floyd</u>
           Henry F. Floyd
           UNITED STATES DISTRICT JUDGE

AGREED BY THE PARTIES THIS 2nd day of April, 2009:

|  | For:<br>Donald Rhea, Kevin Vincent, and The Print Machine, Inc. and The Print Machine of Columbia, Inc. d/b/a TPM, Inc<br><br>By: __/s/ N. Heyward Clarkson_____<br>N. Heyward Clarkson<br>District Court I.D. No. 154<br>Trey Still<br>District Court I.D. No. 9857<br>Clarkson, Walsh, Terrell, & Coulter P.A.<br>1164A Woodruff Road<br>Greenville, SC 29607<br>Ph: 864.232-4400<br>hclarkson@clarksonwalsh.com<br>tstill@clarksonwalsh.com<br><br>*Counsel for Defendants Donald Rhea, Kevin Vincent, The Print Machine, Inc. and The Print Machine of Columbia, Inc. d/b/a TPM, Inc.* |

For:
IKON Office Solutions, Inc.

By:  \_/s/ Thomas E. Lydon_____
Thomas E. Lydon
District Court I.D. No. 1056
MCANGUS GOUDELOCK & COURIE, LLC
700 Gervais St Ste 300
Columbia SC 29201-3061
Ph:  803.227.2292
Fax:  803.748.0526
tlydon@mgclaw.com

*Of counsel:*
Thomas T. Loder
Lawrence H. Pockers
Shannon Hampton Sutherland
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, Pennsylvania 19103
Ph:  215.979.1000
ttloder@duanemorris.com
lhpockers@duanemorris.com
shsutherland@duanemorris.com

*Counsel for Plaintiff*
*IKON Office Solutions, Inc.*